UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
---

SHANNON BROWN,

                Plaintiff,

-against-                              **COMPLAINT**
                                                  Civil Action No.:

THE PHOENIX COMPANIES, INC.,

                Defendants.
---

## JURY TRIAL DEMANDED PURSUANT TO RULE 38(b) OF THE FEDERAL RULES OF CIVIL PROCEDURE

## COMPLAINT

The Plaintiff, by and through his attorneys, The DeLorenzo Law Firm, LLP, respectfully allege as follows:

## INTRODUCTION

1. This is an action for employment discrimination brought to secure relief, legal and equitable, for discrimination on the basis of race and retaliation brought within the Civil Rights Act of 1964, 42 U.S.C. Section 2000 et seq. (and as amended), also known as Title VII; as well as NY Executive Law §§296 and 297, known as the Human Rights Law.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court invoked pursuant to 28 U.S.C. Section 1331 and 1343 (a) (3) and (4). Venue is properly laid in this judicial district pursuant to the provisions of 28 U.S.C. Section 1391(b)(1), (c).

## PARTIES

3.  The plaintiff was and still is a resident of the County of Albany, State of New York and submits himself to the jurisdiction of this Court.

4.  Upon information and belief, and at all times hereinafter mentioned, the defendant, The Phoenix Companies, Inc., is a foreign business corporation duly authorized to do business within the State of New York.

## NATURE OF CLAIM

5.  This claim seeks restitution to plaintiff of all rights, privileges, benefits and income the plaintiff would have had but for defendants' unlawful discriminatory practices.

6.  This action further seeks compensation and punitive damages together with attorneys' fees for the harm done to the plaintiff.

## BACKGROUND

7.  That plaintiff, Shannon Brown, is an individual of African heritage.

8.  The plaintiff was hired as a Client Service Representative for The Phoenix Life Insurance Company in East Greenbush, New York, which employment commenced on August 15, 2005.

9.  That plaintiff was promised a bonus in March of 2006 which she never received.

10. That plaintiff was addressed in a degrading manner by a trainer in March of 2006 and when she requested a reason for this treatment the trainer informed her that "maybe because you are black." When plaintiff later addressed this treatment with her manager she was told she should be used to it because she was from the south.

11. That plaintiff was questioned in July of 2006 as to whether she supplemented her income with food stamps.

11. That plaintiff, at all times, more than adequately performed her duties as a Client Service Representative, and maintained productivity levels well above the team averages.

12. That plaintiff received a written warning regarding an altercation with an agent in November of 2006. When plaintiff discussed this warning with management she was told "it was not the end of the world."

13. That plaintiff filed complaints with human resources regarding discrimination in the workplace and the creation of an uncomfortable work environment.

14. That plaintiff was subsequently refused phone training, pay raises, and opportunities for advancement because of her complaints to human resources.

15. That plaintiff was refused vacation time in August of 2007 despite her being the first to request specific vacation days and the company policy being a "first come first served" basis.

16. That plaintiff was questioned regarding the father of her unborn baby and her husband's incarceration when she requested information regarding FMLA paperwork from her manager in September of 2007. Plaintiff was not informed of the proper procedures for filing the paperwork.

17. That plaintiff was accosted by a manager regarding incomplete work in October of 2007 and addressed in a threatening manner despite the work having been properly and plaintiff not having been the party responsible for that particular assignment.

18.  That plaintiff was told that she would "never succeed in this company" by the Director of Contract Services in October of 2007.

19.  That plaintiff opposed the employment practices which she reasonably believed to be discriminatory against her because of his race by, inter alia, filing discrimination charges and voicing her concerns to the defendants with the human resources department of the employer on November 15, 2007.

20.  Defendants responded to plaintiff's actions, by scrutinizing plaintiff more closely than other comparable employees, ostracizing plaintiff, harassing an accosting plaintiff while attempting to provoke her enough to create a pretext for firing him, all because of her race and to punish her for opposing defendant's unlawful employment practices.

21.  That plaintiff submitted a request to telecommute on December 4, 2007 which Defendants treated as a letter of resignation discharging plaintiff from employment effective December 31, 2007.

## ADMINISTRATIVE PROCEEDINGS

22.  Within one hundred and eighty (180) days of some of the occurrences of which he complains, plaintiff filed written charges of employment discrimination with the New York State Division of Human Rights. These matters were subsequently transferred to the Equal Employment Opportunity Commission (EEOC).

23.  Plaintiff has received a "Right to Sue" letter. Annexed hereto as "Exhibit A" is a copy of the Right to Sue letter.

## AS AND FOR A FIRST CAUSE OF ACTION
## BASED UPON NEW YORK EXECUTIVE LAW

24. That pursuant to the New York State Executive Law §§ 296 and 297, it is unlawful for an employer to discriminate against an applicant and/or an employee on the basis of his or her race, national origin, or disability.

25. That defendants, as more fully set forth herein, has discriminated against the plaintiff based upon his race.

26. That plaintiff was discharged from her employment with the defendants based upon her race and the fact that he reported defendants' discriminatory practices and filed discrimination charges to the proper authorities, and in retaliation for said charges.

27. That the defendants' discriminatory actions are contrary to and in violation of the New York Executive Law also known as the New York Human Rights Law

28. That as a result of the aforementioned discrimination and constructive discharge of the plaintiff by the defendants, the plaintiff has been damaged physically, mentally and economically, in the sum of Two Million and 00/100 ($2,000,000.00) Dollars.

## AS AND FOR A SECOND CAUSE OF ACTION BASED UPON THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. SECTION 2000 ET SEQ. (AND AS AMENDED), ALSO KNOWN AS TITLE VII AND GROUNDED IN RACE DISCRIMINATION

29. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "28" with the same force and effect as if fully set forth herein at length.

30. That the plaintiff was subjected to racial discrimination by management and co-workers.

31. That the plaintiff reported said discrimination to her supervisor, Paula Riley, the Human Resources Management and Organizational Effectiveness Consultant, Noelle Cass, an Assistant Vice President within the Human Resources Department, Mary Martinez, the senior Vice President of the Albany Operations Center, Lisa Bassi, and the Director of Contract Services, Valerie Ingersoll yet nothing was done to stop the harassment and retaliation that the plaintiff was subjected to.

32. That the defendants have an employee handbook that prohibits racial discrimination.

33. That the above described conduct practiced by the defendant corporations was in violation of both Federal and State Law.

34. That as a result of the racial discrimination, racially hostile work environment, and retaliation the plaintiff was discharged on December 31, 2007.

35. That as a result of the aforementioned racial discrimination by the defendants, the plaintiff has been damaged physically, mentally and economically, in the sum of Two Million and 00/100 ($2,000,000.00) Dollars.

**AS AND FOR A THIRD CAUSE OF ACTION BASED UPON RETALIATORY DISCRIMINATION AND HOSTILE WORK ENVIRONMENT BASED UPON NEW YORK EXECUTIVE LAW AND THE CIVIL RIGHTS ACT OF 1964, 42 U.S.C. SECTION 2000 ET SEQ. (AND AS AMENDED), ALSO KNOWN AS TITLE VII**

36. That plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "35" with the same force and effect as if fully set forth herein at length.

37. That plaintiff opposed the employment practices which she reasonably believed to be discriminatory against him because of his race by, inter alia, filing discrimination charges and voicing her concerns to the defendant.

38. Defendant responded to plaintiff's actions, by scrutinizing plaintiff more closely than other comparable employees, ostracizing plaintiff, harassing and accosting plaintiff while attempting to provoke her enough to create a pretext for firing her, all because of her race and to punish her for opposing defendant's unlawful employment practices.

39. That defendants' creation of a hostile work environment was intentional and done for the purpose or with the foreseeable effect of causing plaintiff to leave her employment.

40. That on or about December 31, 2007, the plaintiff was wrongfully discharged from her employment.

41. That the said conduct and plaintiff's discharge was in violation of State and Federal Law, caused substantial damage to the plaintiff, including the physical, mental and emotional injury requiring medical and psychological treatment, damage to her reputation in the community, loss of self esteem, pain and suffering, loss of standing in her profession and other damages both personal and monetary all to her detriment in the sum of Two Million   ($2,000,000.00) Dollars.

**PRAYER FOR RELIEF**

WHEREFORE, plaintiff respectfully prays for the following:

    a. judgment for compensatory damages in the sum of Two Million ($2,000,000.00) Dollars;

    b. judgment against the defendant for punitive and exemplary damages against the defendants in an amount sufficient to punish the defendants;

    c. judgment for attorneys' fees as set forth in the appropriate statutes;

  d. judgment for interest, costs and disbursements, and all other relief which to this Court seems just and reasonable.

DATED: November 3, 2009

            <u>s/Thomas E. DeLorenzo</u>
            THOMAS E. DeLORENZO, ESQ.
            Bar Roll Number: 101479
            The DeLORENZO LAW FIRM, LLP
            Attorneys for Plaintiff
            201 Nott Terrace
            Schenectady, New York 12307
            (518) 374-8494

EEOC Form 161 (2/08)        **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Shannon L. Brown<br>257 9th Street<br>Troy, NY 12180 | From: | **New York District Office**<br>**33 Whitehall Street**<br>**5th Floor**<br>**New York, NY 10004** |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16G-2008-01539 | **Roxanne Zygmund,** Investigator | (212) 336-3764 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_____          October 2, 2009
Spencer H. Lewis, Jr.,                                (Date Mailed)
Director

Enclosures(s)

cc:  **THE PHOENIX COMPANIES, INC.**           Dana M. Boniewski, Esq.
     **1 American Row**                                    The DeLorenzo Law Firm
     **Hartford, CT 06102**                                201 Nott Terrace
                                                                           Schenectady, NY 12307